Judge Nicholas
delivered the Opinion of the Court.
The validity of this will has .been contested on two grounds.
First. The want of capacity oh the part of testatrix, and an undue influence and management used in procuring the will to he executed.
Second. That, at the time of its execution and of her death, the testatrix was a married woman ; that her husband has never assented to it, and is now resisting its probate.
As to the first ground, we will merely remark, that there was no sufficient proof of any improper influence or management in procuring the will, and that the weight of proof is decidedly in favor of her mental capacity and competency. The draftsman of the will and the subscribing witnesses — all men of respectability, intelligence, and disinterested — testified so unequivocally as to her capacity, as greatly to outweigh the less positive and satisfactory, though equally respectable, testimony adduced on the other side. The court, upon a full consideration of the whole testimony, has had no hesitation in coming to the conclusion, that the testatrix was of sufficient capacity to make the will, and we therefore deem it unnecessary to make a detail and comparison of the evidence.
In answer to the second objection urged against the probate, there was produced in support of the will, two deeds of trust, — the first from the husband of the testatrix, to a trustee, conveying certain slaves and personal estate, in trust, for the separate use of the testatrix, with a power of appointment by deed or will ; the other *216 from the husband, the testatrix and trustee, conveying to another trustee the trust fund, together with some land which had been purchased with the trust money, to be held in trust, for the use of the husband and the tes-, tatrix during their lives, with power for her to dispose of the property, after their deaths, in such manner as she might appoint, by deed or will.' These are relied on as authority for the wife to make a will, and as presenting a state of case requiring its probate. ■
To the general rule, that a mar ried woman can not makeawili, there are exceptions. In certain cases, and for certain purposes, her will is valid. But her will disposing of personalty, cannot be received in a ct. of law or equity, without pre vious probate.
Statute of wills, sec. 1,applies to land only — and the like statute of H. 8,hasne-ver been held to prevent a feme covert from devising land under a power of appointment.
Formerly, in England, probate of the will of a married woman was refused, ifthe husband objected : otherwise now.
There are well established exceptions to the general rule, that a feme covert cannot make a will. Where she is an executrix, she can make a will, so far as to appoint an executor, for the purpose of thereby transmitting the executorial trust. She can make a will in pursuance of an agreement with her husband before marriage ; or in fulfilment of a power of appointment, reserved by herself, or delegated to her by another; or in consequence of her proprietorship of a separate estate, her dominion or right of alienation over which, is held to authorize her to dispose of it by will. In none of these cases, where the law allows her to make a will, can her will of personalty be received or'recognised, in either a court of common law or chancery, without a previous probate in a court of probates. It would be in vain therefore to contend, that in no state of case should a court of probate admit the will of a married woman : nothing but the most positive and unambiguous legislation could give countenance to such an anomaly in the law.
The first section of the statute of wills applies to devises of real estate merely, and could therefore have no application to a devise- of personalty, but is, in fact, only of the same import as' the statute of wills of Henry VIII., and that has never been held to prevent a married woman from devising real estate under a power of apppointment.
it was formerly the practice of the ecclesiastical courts in England, to refuse, probate of the will of a married woman, if the husband objected thereto. But *217 the settled practice now is to admit it, notwithstanding his objections, in all cases where she has the right to make a will without his assent. Williams on Executors, 42.
Where the will of a feme covert is offered for record in the county court, it should appears prima facie, that she had authority to make a will; and then the court, without undertaking to investigate the sufficiency of the authority, should admit proof ofthe due execution, and order the will (ifproved) to be recorded ■ — leaving it to other tribunals to decide upon its effects. But theorder should be so limited as not to deprive the husband of his right to administeronsuch other estate of his wife, as was not subject to her disposal by will — of which administration should be granted to him.
. As the general rule is, that a married woman cannot make a will, it is no doubt necessary to siiew at least a ¡irima facie case to authorize it; such as that she was executrix, had separate estate, or power to appoint by will, before probate will be allowed. But it is said by Williams on Executors, 42, 211, that though where the will, sought to be established, was made by her under a power, the instrument creating the power must be exhibited by the executor, with his allegation. Yet the ecclesiastical .court will not look nicely into the question, whether the appointment is authorized by the power, as the grant of the probate does not determine that right, but leaves it open to the decision of the temporal courts. We have not had access to the cases which he cites in support of this position ; but it is so manifestly proper, that we do not hesitate to adopt it, as the most expedient rule for the government of our courts of probate in such cases. Our county courts are illy qualified, from their structure and organization, to investigate and determine the sufficiency of the execution of a power of'appointment by will — involving, as the question may well do, some of the' most abstruse and difficult learning of the layr. Besides, there is no reason whatever for imposing so unwonted a duty on those tribunals, inasmuch as the admission of the will to probate, in the proper manner, can prejudice the rights of no one. ft is sufficient that the county court sees that there exists a state of case in which it might be right and proper that a married woman should make a will, to allow it to be proved and recorded, leaving it to other and more appropriate tribunals to determine what effect it has when recorded.
We shall, therefore, decline entering upon the.questions discussed in this case, whether the deeds of t-ust secured such a separate estate to Mrs. Yates, in t lie property, as authorized the making a will ; or whether her *218 wjh ;s a proper execution of the power of appointment secured to her. It is sufficient, that we see that she had a power to appoint by will. This presents the prima case, which we think requires the allowance of the probate.
But this allowance should extend no farther than the reason and necessity of the case require. It should not extend to depriving her husband of his right to administer on any estate which she might have had, not secured to her as her separate estate, and oyer which she had no power of appointment. We are told by Williams, that the probate of the will of a feme covert should not be general, but limited to the property over which she has a disposing power, and administration of the other part of her property (which is called an administration mtcromm) must be granted to the husband.
As the probate granted bv the county court, in this ease, was absolute and without restriction, the order granting it must be reversed, with costs, and the will remanded with directions to admit it to record as the last will and testament of Molly Yates, of all such property as is embraced by a certain deed, bearing date the 14th June, 1818, from Michael Yates to Richard Chiles, and also, by another deed, bearing date the 23d December, 1825, from Richard Chiles, Michael Yates and MoB ly Yates, to John Johnson, or of so much of said property as the said Molly Yates had the power of disposing by will ; and the copies of said deeds used on the trial here, must be certified to said county court, to be recorded with said will as appurtenant thereto.