GEORGE
(OF COLOR)
vs.
BUSSING, &c.

PET. EQ.

Case 8.

15bm558
o116 654

15bm558
o116 654

George (of Color) *vs.* Bussing, &c.

APPEAL FROM GARRARD CIRCUIT.

1. A wife may dispose of her separate estate by will; and may make a will in pursuance of a power for that purpose. She may, with the consent of her husband, dispose of her personal estate. The grant of such a power is implied from his consent that she may make a will. A general assent is sufficient; this consent should be given to the probate, because he may revoke his consent during the life of the wife or at any time before probate. (1 *Roper on Husband and Wife*, 170; 1 *Williams on Ex'ors*, 40 ) When a will is made with express consent of the husband, very little proof will be required to show the continuance of the consent. (*I b.* 41.)

2. The statute of wills of 1797, (2 *Stat. Law*, 1537,) applies to devises of real estate merely, and though it does not confer on a *feme covert* the power to devise real estate, it has never been held to prevent her from devising real estate under a power of appointment. (*Yates' Will*, 2 *Dana*, 216.)

3. Though the statutes 34 and 35 Henry VIII excepted married women, it was there held that she could make a valid disposition of personal property by will with the assent of her husband, or without such assent dispose of such personal property as she held to her separate use, and that she could, under a power of appointment, dispose of both real and personal property. (*Williams on Ex'ors*, 42, 43.)

4. By the act of 1800 slaves, so far as respects last wills and testaments, are deemed real estate, and pass in the same manner by will, and pass as land, and a will to pass slaves, must be made with the same formalities as a will to pass land, and the person making it must have the power to devise land. A verbal authority from the husband is not sufficient for that purpose.

5. A will of the wife made with the assent of the husband only operates to pass such things as do not belong to the husband, but which he would have a right to, after the death of the wife as her administrator; personal property which belonged to her and was reduced to possession by the husband during the coverture, and thereby became his property, will not pass by her will.

6. The will of the wife, of a slave which belonged absolutely to the husband, is ineffectual to pass title to the slave or to give the slave freedom.

7. One may not claim under or against a will. Bringing a suit to set aside a will is an election to claim against the will.

GEORGE
(OF COLOR)
*vs.*
BUSSING, &c.

Case stated.

This suit was brought by John Bussing to vacate and set aside a will made by Polly Bussing, his wife, on the 10th January, 1850, and admitted to record by the Garrard County Court in April, 1850, and to recover of Scott property devised to him by the will in trust.

The fact is not controverted that Mary Bussing had been the wife of John Bussing for about twenty-five years before the making and publishing the will in contest. By this will, Mrs. Bussing attempted to dispose of two slaves, George, the appellant, and Betty. George was acquired by John Bussing in virtue of his marriage with his wife, who derived right under the will of her father, William Brown, and a release from her brothers of their interest derived from the same source. John Bussing had the possession of George from his marriage until he was

GEORGE
(OF COLOR)
vs.
BUSSING, &c.

forcibly taken from him by Scott, the trustee, after the death of Mrs. Bussing.

The Circuit Court declared the will of Mrs. Bussing void, so far as she attempted to dispose of the slaves George and Betty, and George has appealed to this court for a reversal of that judgment.

*Lusk and Burton,* for appellant—

That a married woman may not in general make a will, is not denied; but this rule has its exceptions. One of these exceptions is, that she may make a will with the consent of her husband. (1 *Williams on Ex'rs,* 46–7.) This consent may be implied from circumstances. (*Osgood vs. Breed,* 12 *Mass. Rep.* 525.) This consent is revocable until probate, after which it is irrevocable. (1 *Roper on Husband and Wife,* 170, *Law Lib.*)

If, after the death of the wife, the husband acts upon the will, he is not thereafter at liberty to retract his assent and oppose the probate. (1 *Roper,* 170.) And when a will is made with the express consent and agreement of the husband, it is said that but little proof will be required to show the continuance of that assent after the death of the wife. (1 *Williams on Ex'rs,* 47.)

In this case the whole property came by and was in equity the property of the wife, and a part of the price, to-wit, about $60, was actually paid out of Mrs. Bussing's separate estate.

The husband was active in having the will made; went after the draftsman to write it; went after the witnesses to have the will proved; and made no objection for near one year after probate of the will; received benefit under the will; took the separate estate which the wife had owned by virtue of the will, to which the wife had the right, and might have deprived him by willing it to another. Having used and disposed of that property, he now attempts to defeat his wife's benevolent intention, by enslaving the appellant.

The appellee, as the record shows, set up and successfully relied upon the will to protect the property therein named from his execution creditors, upon the ground that under the will it was not liable to execution.

The judgment of the Circuit Court is erroneous, and ought to be reversed.

*J. & G. F. Burdett*, for appellee—

The appellant seeks a reversal of the judgment of the Circuit Court upon the ground, that under the will of Mrs. Bussing he is entitled to freedom on the death of John Bussing, the husband.

For the appellee, we contend that the judgment of the Circuit Court is correct. The Statute of Wills, (*Stat. Laws*, 1537,) gives to every person aged twenty-one years, of sound mind, and not a married woman, the right to make a will.

The appellant argues that a married woman may make a valid will with the consent of her husband, and the will of Mrs. Bussing is attempted to be sustained on this ground.

The elementary authorities in regard to the wife's right to dispose of personal property by will, when examined disconnected with the statutory provisions, is unsatisfactory. (*Williams on Ex'rs*, 44, and *Roper on Husband and Wife*, 170.) Williams uses these words: "The husband may waive the interest which the law bestows on him; he may empower his wife to make a will to dispose of her personal estate." Again, these words: "But in order thus to establish a will, a general assent that the wife may make a will is not sufficient. It should be shown that he has consented to the particular will." The language used by Roper is almost identical with that used by Williams. It is not stated by either of the authorities whether the consent of the husband can be proved by parol. It would seem that such consent or power should be given in writing, as it would

GEORGE
(OF COLOR)
vs.
BUSSING, &c.

tend to encourage fraud and perjury to allow proof of consent to be made by parol.

Kent says a wife cannot make a will to dispose of her chattels except it be of those which are settled on her as her separate property, without the license of her husband. If consent in writing is necessary, there is a total want of it in this case.

The wife's right to dispose of the realty is not sanctioned or sustained by these authorities. The question then arises, in what light the slaves are to be considered, whether realty or personalty.

It was decided by this court in the cases of *Belman vs. Caldwell*, 2 *Bibb*, 76; *Chism and wife vs. Respass*, 2 *Monroe*, 27; *Sneed vs. Ewing and wife*, 5 *J. J. Marshall*, 482, that slaves were to be treated and deemed, as to last wills and testaments, as real estate under the act of 1798. And in the case of *Jones vs. Lackey*, 1 *Mar.* 74, it was held that by virtue of the last act, slaves vested under the same regulations as land, and the assent of the executor was not necessary to vest the legal title in the devisee.

Though it is said in *Walton's heirs vs. Walton's executors*, 7 *J. J. Marshall*, 60, that slaves were for most purposes deemed personal estate, yet that the effect of the act is that a minor cannot devise a slave. That a will that would not pass land will not pass a slave.

This court has decided that the will of a *feme covert* was absolutely void, unless made in pursuance of a power conferred by deed or will. (6 *J. J. Marshall*, 573; *Yates' will case*, 2 *Dana*, 215; 5 *B. Monroe*, 373.)

It is not pretended that Mrs. Bussing had any authority by deed or will to make the will in this case.

June 15.

Judge SIMPSON delivered the opinion of the Court—

This case presents the question of the power of the wife to make a valid disposition, by will, of her personal estate and slaves, with the consent of the husband. As the will was made, and proved, and recorded in the year 1850, a decision of the questions

arising under it must be governed by the law in force at that time. Whether any change in the law on this subject has been produced by the Revised Statutes, we are not now called upon to determine.

The doctrine is well settled that the wife may dispose of her separate estate by will, and may make a will in pursuance of a power given her for that purpose. It is also the settled doctrine that she may, with the consent of her husband, make a will to dispose of her personal estate. The principle upon which the power of the wife to make a will in such a case is founded, seems to be this: that the husband may waive the interest in her property which the law confers upon him, and empower the wife to dispose of it by will. The grant of such a power is implied from his consent that the will should be made. A general assent that she may make a will is not sufficient. It must be proved that he has consented to the particular will which she has made, and his consent should be given when it is proved. The reason for this is, that he may revoke his consent, at any time during his wife's life, or after her death, before probate. (1 Roper on Husband and Wife, 170 ; 1 Williams on Executors, 40.)

The consent of the husband that the wife should make this will is fully established by the proof, as well as his assent to the probate. When the will is made, as it was in this case, in pursuance of the wishes and with the express consent of the husband, very little testimony will be required to make out the continuance of the consent after her death. (1 Wms. on Executors, 41.)

The first section of the Statute of Wills, passed in 1797, (2 Stat. Laws, 1537,) applies to devises of real estate merely, and consequently, although that statute does not confer on a married woman the power to devise land, it does not render her incapable to dispose of personal estate, and it has never been held to prevent her from devising real estate under a power of appointment. (Yates' Will, 2 Dana, 216.)

GEORGE
(OF COLOR)
vs.
BUSSING, &c.

1. A wife may dispose of her separate estate by will; and may make a will in pursuance of a power for that purpose. She may, with the consent of her husband, dispose of her personal estate.— The grant of such a power is implied from his consent that she may make a will. A general assent is sufficient; this consent should be given to the probate, because he may revoke his consent during the life of the wife or at any time before probate. (1 Roper on Husband and Wife, 170; 1 Williams on Ex'ors, 40.)—When a will is made with express consent of the husband, very little proof will be required to show the continuance of the consent. (Ib. 41.)

2. The statute of wills of 1797, (2 Stat. Law, 1537,) applies to devises of real estate merely, and though it does not confer on a feme covert the power to devise real estate.

GEORGE
(OF COLOR)
*vs.*
BUSSING, &c.

it has never been held to prevent her from devising real estate under a power of appointment. (*Yates' Will*, 2 *Dana*, 216.)

3. Though the statutes 34 and 35 Henry VIII excepted married women, it was there held that she could make a valid disposition of personal property by will with the assent of her husband, or without such assent dispose of such personal property as she held to her separate use, and that she could, under a power of appointment, dispose of both real and personal property.— (1 *Williams on Ex'ors*, 42, 43.)

4. By the act of 1800 slaves, so far as respects last wills and testaments, are deemed real estate, and pass in the same manner by will, and pass as land, and a will to pass slaves, must be made with the same formalities as a will to pass land, and the person making it must have the power to devise land. A verbal authority from the husband is not sufficient for that purpose.

A married woman was excepted out of the Statute of Wills, of 34 and 35 Henry VIII., yet the courts in England held that she could make a valid will with the assent of her husband, to dispose of her personal property ; that she could, without such assent, dispose by will of such personal property as was held by her to her separate use; and that she could also, by virtue of a power of appointment, dispose of both real and personal estate by will. (1 *Williams on Executors*, 42, 43.)

The will of the wife was therefore valid with respect to her separate estate, and also her personal property. But her capacity to dispose of her slaves by will is a different question, and depends upon the construction of the statutes regulating and prescribing the manner in which slaves shall be devised.

By the statute of 1800, (2 *Stat. Laws*, 1546,) it was enacted that slaves, so far as respects last wills, should be held and deemed as real estate, and should pass by last will and testament in the same manner and under. the same regulations as landed property. The effect of this statute is, that a will which would not pass land, would be insufficient to pass slaves. A will to pass slaves must be made in the same manner and with the same formalities that a will to pass lands must be executed, and the person who makes it must have power to devise lands. A married woman has no such power, unless the will be executed in pursuance of a power previously conferred by some appropriate instrument of writing. A verbal authority from the husband is not sufficient. The wife cannot, therefore, with the consent of her husband merely, without some other power, make a valid disposition of her slaves by will.

As the assent on the part of the husband that the wife shall dispose of her personal estate, is no more than a waiver of his rights as her administrator, and it is this waiver that gives. validity and effect to the instrument, by enabling: her executor to claim such

articles of her personal estate as her husband would have been entitled to as her administrator in case he survived her, it is obvious that her will, made even with the husband's consent, only operates to pass such things as do not belong to the husband, but which he would have a right to after her death only as her administrator. The personal property which belonged to her, and which was reduced to possession by the husband, and thereby became his absolutely, does not pass by her will.

From these principles, it follows that the will in this case was effectual to pass the separate personal estate of the wife, and also so much of her other personal estate, if any, as her husband after her death would have been entitled to only as her administrator, but it was ineffectual to pass or dispose of her slaves, or any personal estate which belonged to her husband at the time it was executed.

The increase of the separate estate, and everything that had been purchased with its proceeds, constituted a part of it, and passed by the will. The husband has no right to claim both under and against the will. Whether before the institution of this suit he had done such acts as would amount to an election to hold under the will, and not to claim in opposition to it, does not appear. But be this as it may, by bringing this suit he made an election to claim against the will, and has thereby deprived himself of all right to claim the benefit of any of its provisions.

This appeal is prosecuted by George, a slave, who, according to the provisions of the will, was to be free at the death of the husband of the testatrix. The court below decided that the will was invalid, so far as it attempted to make a disposition of the slaves, and ordered them to be delivered to the husband. This part of the judgment so far as the rights of the appellant are concerned, is correct, whether the decision of the court, in all other respects, be correct or not. Even if the husband had elected to abide by the will, although this might have estopped him to

GEORGE
(OF COLOR)
vs.
BUSSING, &c.

5. A will of the wife made with the assent of the husband only operates to pass such things as do not belong to the husband, but which he would have a right to, after the death of the wife as her administrator; personal property which belonged to her and was reduced to possession by the husband during the coverture, and thereby became his property, will not pass by her will.

6. The will of the wife, of a slave which belonged absolutely to the husband, is ineffectual to pass title to the slave or to give the slave freedom.

7. One may not claim under or against a will. Bringing a suit to set aside a will is an election to claim against the will.

.claim in opposition to it, yet this estoppel would have been insufficient to have conferred on the appellant a right to freedom ; but after the death of the husband he would still remain a slave, and would belong to such persons as would, at that time, under the circumstances then existing, have had a right to him if the will had never been made.

Wherefore, as the judgment of the court below, so far as the rights of the appellant are concerned, is correct, said judgment, on his appeal, is affirmed.